FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 20, 2024

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NICHOLAS O.,

Plaintiff,

v.

MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 2:23-CV-212-ACE

ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER

ECF Nos. 10, 12

**BEFORE THE COURT** are Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 10, 12. Attorney Victoria Chhagan represents Nicholas O. (Plaintiff); Special Assistant United States Attorney David Burdett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

//

//

## JURISDICTION

Plaintiff filed applications for benefits on May 19, 2020, alleging disability since December 15, 2018. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on April 12, 2022, and issued an unfavorable decision on July 26, 2022. Tr. 17-31. The Appeals Council denied review on May 4, 2023. Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on July 26, 2023. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence

and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On July 26, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-31.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 15, 2018, the alleged onset date. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease; mild degenerative disc disease of the left knee; and obesity. Tr. 20.

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work subject to the following limitations:

he can stand and walk four hours total in combination in an eight-hour workday; he can occasionally perform all postural maneuvers; he can frequently reach overhead; and he cannot have concentrated exposure to hazards. Tr. 23.

At step four, the ALJ found Plaintiff has no past relevant work. 29.

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, to include cashier II, marker, and routing clerk. Tr. 29-30.

The ALJ thus concluded Plaintiff has not been disabled since the alleged onset date. Tr. 30.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ properly evaluated the medical opinion evidence; (B) whether the ALJ properly evaluated Plaintiff's subjective complaints; and (C) whether the ALJ erred by failing to develop the record. ECF No. 10 at 1-2.

## DISCUSSION

### A. Medical Opinions

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Plaintiff argues the ALJ misevaluated the opinion of consultative examiner Ryan Agostinelli, PA-C. ECF No. 10 at 3-9. As discussed below, the Court agrees.

PA-C Agostinelli examined Plaintiff on October 30, 2020, performed a physical assessment, and opined, among other things, Plaintiff would be able to walk or stand 1-2 hours in an 8-hour work day; sit for 2-3 hours in an 8-hour work day; and lift 30 pounds occasionally and 15 pounds frequently if bending/rotation is not involved. Tr. 466. The ALJ found this opinion not persuasive. Tr. 26.

The ALJ first discounted the opinion as both internally inconsistent and inconsistent with the record. Tr. 26-27. In support, the ALJ noted the following: the clinician's assessment "included some evidence of pain with palpation and difficulty with postural activities but otherwise no sensory deficits as well as normal gait and reflexes"; "[t]here was some evidence of decreased range of motion, but such findings do not support the restrictive limitations with respect to sitting, which is also not supported by his noted leg weakness or other clinical findings"; Plaintiff previously was not "recommended for surgery"; and, while Plaintiff "has exhibited antalgic gait during some medical visits … other findings remain largely unchanged and do not rise to the level of the restrictions noted by the consultative examiner." Tr. 26-27. The Court rejects the ALJ's reasoning as conclusory and unsupported. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating their conclusions, ALJs "must set forth [their] own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Specifically, the ALJ failed to sufficiently explain why "no sensory defects," "noted leg weakness," a lack of a recommendation for surgery, and unspecified "other findings" undermine the clinician's opinion. The ALJ thus erred by discounting the opinion on this ground.

The ALJ also discounted the opinion on the ground Plaintiff's "reported activities exceed the restrictions Dr. Agostinelli [*sic*] identified." Tr. 27. In support, the ALJ merely cited an exhibit and two pages of a different exhibit in the record, without any further specification or analysis. As an initial matter, an ALJ's

rejection of a clinician's opinion on the ground that it is contrary to unspecified evidence in the record, as here, is "broad and vague," and fails "to specify why the ALJ felt the [clinician's] opinion was flawed." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). It is not the job of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). Nevertheless, on its own view of the record cites provided by the ALJ, the Court fails to discern how the activities described therein undermine the doctor's opined limitations. For example, the evidence cited indicates Plaintiff's pain was aggravated and fatigue elevated by performing yardwork, working on his mother-in-law's car, and doing work around his mother-in-law's home. Tr. 662, 664. These activities are neither inconsistent with nor a valid reason to discount the clinician's opinion. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick*, 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). Similarly, Plaintiff's activities do not "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing

*Fair*, 885 F.2d at 603).  The ALJ accordingly erred by discounting the opinion on this ground.

The ALJ accordingly erred by discounting PA-C Agostinelli's opinion.

**B.    Subjective Complaints**

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom complaints.  ECF No. 10 at 9-16.  Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence.  Tr. 24-26.  However, because the ALJ erred by discounting the opinion of PA-C Agostinelli, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ next discounted Plaintiff's testimony as inconsistent with his activities.  Tr. 25.  In support, the ALJ noted Plaintiff "remained able to drive, prepare simple meals, clean, mow his lawn, and perform other related activities."  Tr. 25.  For the same reasons discussed above, these minimal activities are neither inconsistent with nor a valid ground to discount Plaintiff's testimony.

Finally, the ALJ discounted Plaintiff's testimony on the ground "the claimant did not stop working because of his impairments, but rather because his employer closed, and he subsequently pursued a Department of Transportation physical in pursuit of his CDL, showing he considered himself capable of working."  Tr. 27.  Substantial evidence does not support this ground, as the ALJ

omitted significant context from the hearing the ALJ conducted: Plaintiff testified that his health "went downhill in a hurry" after his previous employer closed and testified that he was, in fact, unable to obtain his CDL. Tr. 61. Further, Plaintiff's failed effort to *obtain a license* to work is not a sufficient reason to discount his testimony. *Cf. Lingenfelter v. Astrue*, 504 F.3d 1028, 1039 (9th Cir. 2007) ("[I]f working for almost nine months is not evidence that a disability benefit recipient is no longer disabled, then a nine week unsuccessful work attempt is surely not a clear and convincing reason for finding that a claimant is not credible regarding the severity of his impairments."). The ALJ thus erred by discounting Plaintiff's testimony on this ground.

The ALJ accordingly erred by discounting Plaintiff's testimony.

**CONCLUSION**

Because the Court is remanding this case, it need not reach Plaintiff's remaining assignment of error regarding the ALJ's duty to develop the record. *See PDK Labs. Inc. v. DEA,* 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment). On remand, the ALJ shall fully develop the record, reevaluate the opinion of PA-C Agostinelli, reassess Plaintiff's testimony, redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g). Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse, **ECF No. 10**, is **GRANTED**.

2. Defendant's motion to affirm, **ECF No. 12**, is **DENIED**.


The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED February 20, 2024.



ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE